DURWOOD EUGENE ESTES, Petitioner, v. NEVADA STATE BOARD OF PHARMACY, Respondent.

No. 3332

March 11, 1941.                                111 P.(2d) 48.

*Albert Hilliard*, for Petitioner.

Respondent not represented.

## OPINION

By the Court, Taber, J.:

In order to be a registered pharmacist in this state, one must be a licentiate in pharmacy or a practicing pharmacist. Section 5041 N. C. L. 1929. Section 5042 N. C. L. 1929, reads in part as follows: "Licentiates in pharmacy must be such persons as possess the fundamentals of a high-school education and who have had at

least five (5) consecutive years' actual experience in drug stores where the prescriptions of medical practitioners have been compounded, and who have passed a satisfactory examination before the state board of pharmacy * * *." The foregoing statutory provisions are from the 1913 act regulating the practice of pharmacy. Statutes of Nevada 1913, c. 286, p. 569. By section 8 of this act, section 5047 N. C. L. 1929, all applicants for certificates as registered pharmacists were required to pay a fee of $10.

In January 1939 a new bill to regulate the practice of pharmacy was introduced in the assembly, but failed of passage. Section 4 of this bill provided in part that every applicant for examination and registration as a pharmacist must, among other things, be a graduate of a school or college of pharmacy or department of a university recognized and approved by the Nevada state board of pharmacy, and must have had at least four years of pharmaceutical training in said college of pharmacy or department of a university, and shall pass an examination by the Nevada state board of pharmacy.

On May 25, 1939, the state board of pharmacy passed a resolution, to take effect July 1, 1940, which reads: "Every applicant for examination and registration as a pharmacist must be a citizen of the United States and shall not be less than twenty-one (21) years of age, of good moral character and temperate habits, a graduate of a school or college of pharmacy or department of a university recognized and approved by the Nevada State Board of Pharmacy, and must have had at least four (4) years of pharmaceutical training in said college of pharmacy or department of a university, and shall pass an examination by the Nevada State Board of Pharmacy; provided, that all applications for examinations shall be made on a form to be supplied by the Nevada State Board of Pharmacy and shall be filed with the said board at least fifteen (15) days before any stated meeting of the board at which examinations are to be

held. Each application must be accompanied by an examination fee of fifteen dollars ($15)."

About November 1, 1940, petitioner made application, upon the regular form furnished by the respondent, to take an examination to become a licentiate in pharmacy. The form was correctly filled out and sworn to as required, and was accompanied by a United States postal money order in the sum of $10. On November 4, 1940, respondent's secretary telegraphed petitioner as follows: "Cannot accept application. Four years college required. Application returned today." Petitioner's application and said money order were forthwith returned to him.

On January 21, 1941, petitioner filed herein a petition for writ of mandate. Pursuant to order of court, an alternative writ was thereupon issued, commanding respondent to accept petitioner's said application and fee and thereafter proceed as provided by the statute, or show cause, at the opening of court on February 7, 1941, for not so doing. The alternative writ was duly served on respondent, but the latter failed to show cause on said return day or at all, and has made no appearance whatever in this proceeding.

Our statute provides that the writ of mandate shall not be granted by default, and that the case shall be heard by the court, whether the adverse party appear or not. Section 9245 N. C. L. 1929. The case was accordingly heard, at the time set, on the papers of petitioner. Section 9251 N. C. L. 1929. We regret that we have not had the benefit of wrtten or oral argument on behalf of respondent.

If respondent was authorized by law to require that applicants for examination must have "four years college," as more fully set out in its resolution of May 25, 1939, this proceeding should be dismissed; if it was not authorized by law to impose such requirements, it is the court's opinion that mandamus is the proper remedy and that the writ should be made peremptory.

Any claim of authority to require graduation and four years of pharmaceutical training, as specified in respondent's said resolution, must be based on section 5046 N. C. L. 1929, which contains the following provisions: "The state board of pharmacy shall have power: (a) To make such by-laws and regulations, not inconsistent with the laws of this state, as may be necessary for the protection of the public, appertaining to the practice of pharmacy and the lawful performance of its duties; (b) To regulate the practice of pharmacy; * * * (d) To examine and register as pharmacists and assistant pharmacists all applications [applicants] whom it shall deem qualified to be such; * * *."

■ If the legislature, instead of fixing the standards of education and experience for licentiates, had employed language purporting to confer full and complete authority on the board of pharmacy to establish such standards, it would then be necessary for the court to decide whether the legislature could lawfully delegate such power to the board; but the fact that the legislature saw fit itself to establish such standards, leads us to conclude that the legislative intent was to reserve that power to itself, and not to confer upon the board, by the provisions of section 5046 N. C. L. 1929 the authority either to diminish or add to the standards of education and experience established by the legislature in section 5042 N. C. L. 1929.

It is important that pharmacists possess such qualifications as the public safety demands. The pharmacy act was passed twenty-eight years ago. If, under present conditions, it is deemed advisable to impose higher qualifications than those prescribed by said section 5042, the legislative department has full power to require such qualifications as may be necessary for the protection of the public.

■ The prayer of the petition is granted, and it is ordered and adjudged that the peremptory writ of mandamus be issued herein commanding respondent, upon

receipt of the writ, to forthwith accept petitioner's application to take an examination for licentiate in pharmacy, also to accept his proffered fee of $10, and to otherwise proceed in accordance with the provisions of said pharmacy act.